WARREN, Respondent, v. UNION RY. CO., Appellant. (Supreme Court, Appellate Division, First Department. March 8, 1901.) Action by Richard Warren against the Union Railway Company. C. F. Brown, for appellant. E. T. Taliaferro, for respondent. No opinion. Judgment and order affirmed, with costs.

WEBER, Respondent, v. TOWN OF PELHAM, Appellant. (Supreme Court, Appellate Division, Second Department. March 8, 1901.) Action by Charles Weber against the town of Pelham. No opinion. Motion granted, and order signed. See 68 N. Y. Supp. 1150.

WEEKS, Respondent, v. RYAN, Appellant. (Supreme Court, Appellate Division, Fourth Department. March 12, 1901.) Action by Forest G. Weeks against Thomas Ryan. No opinion. Judgment and order affirmed, with costs.

WEIL, Respondent, v. WEIL, Appellant. (Supreme Court, Appellate Division, First Department. March 8, 1901.) Action by May E. Weil against Henry G. Weil. D. May, for appellant. G. D. Lamb, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

WELLS v. HERALD CO. (Supreme Court, Trial Term, Onondaga County. December, 1900.) Motion by defendant for a new trial. William Nottingham, for the motion. E. W. Parsons, opposed.

HISCOCK, J. The motion for a new trial is granted upon the ground that the jury were not properly and sufficiently instructed upon the subject of punitive damages. It is urged that the recent case of Krug v. Pitass, 162 N. Y. 154, 56 N. E. 526, has overruled the prior cases, of which there were many, holding that under proper circumstances punitive damages might be based upon proof simply of the publication of an article false and libelous per se. Assuming, however, that, as has been suggested by very recent decisions, it was not the intention of the court of appeals to go to that extent, but that punitive damages may still be awarded, without proving express malice, in a case where an article has been published false and libelous per se, and of such a character as to fairly warrant the inference that it was published wantonly, recklessly, or without due investigation as to its truth, I am still inclined to think that this motion should be granted. The instructions upon the subject were too general, and not sufficient to properly call to the attention of the jury the conditions and qualifications under which they might award such damages. This is independent of the further ground, urged upon this motion, that under his complaint plaintiff is not entitled to demand exemplary damages. Motion granted.

WHEDON, Respondent, v. KING, Appellant. (Supreme Court, Appellate Division, Fourth Department. March 12, 1901.) Action by Augusta E. Whedon against Ada J. King. No opinion. Judgment affirmed, with costs.

WHEELER et al., Respondents, v. BOWMAN, Appellant. (Supreme Court, Appellate Division, Third Department. March 6, 1901.) Action by Levi J. Wheeler and others against Charles C. Bowman. No opinion. Judgment unanimously affirmed, with costs.

WHIPPO, Respondent, v. ERIE R. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. March 12, 1901.) Action by John K. Whippo against the Erie Railroad Company.

PER CURIAM. Judgment and order reversed, and a new trial ordered, with costs to the appellant to abide event. Held, that the evidence fails to establish the absence of contributory negligence.

WHITE et al. v. LOEWENTHAL et al. (Supreme Court, Appellate Division, Third Department. March 6, 1901.) Action by Morris White and another against Max Loewenthal and another. No opinion. Order affirmed, with $10 costs and disbursements.

WHITEHEAD et al. v. HEIDENHEIMER et al. (Supreme Court, Appellate Division, First Department. April 4, 1901.) Action by Aaron P. Whitehead and another against Charles Heidenheimer and another. No opinion. Motion denied, with $10 costs.

WHYARD, Respondent, v. RAISCH, Appellant. (Supreme Court, Appellate Division, Second Department. March 22, 1901.) Action by William W. Whyard against Henry Raisch. No opinion. Order affirmed, on argument, with $10 costs and disbursements.

WILGUS, Appellant, v. MESSING, Respondent. (Supreme Court, Appellate Division, Fourth Department. March 19, 1901.) Action by Daniel V. Wilgus against Bernard Messing. No opinion. Judgment of county court affirmed, with costs.

WILLIAMS, Appellant, v. HARTMAN, Respondent. (Supreme Court, Appellate Division, Fourth Department. March 19, 1901.) Action by George I. Williams against Pauline Hartman. No opinion. Order affirmed, with $10 costs and disbursements.

In re WILLIS AVE. (Supreme Court, Appellate Division, First Department. April 4, 1901.) In the matter of Willis Avenue. Appeal from an order granting an additional allowance to commissioners. Modified. John P. Dunn, for appellant. Arthur Berry, for respondents.

PER CURIAM. The order appealed from should be modified by reducing the several allowances granted to the following amounts: To Mr. Arthur Berry, the sum of $3,500; to Mr. Emanuel W. Bloomingdale, the sum of $3,500; to Mr. Edward B. Whitney, the sum of $2,300; and to Annie Fennell, as executrix of John Fennell, deceased, the sum of $1,200. As so modified, the order should be affirmed, without costs.